[Dkt. No. 68]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                                   :
UNITED STATES OF AMERICA,          :
                                   :
        v.                         : Crim. No. 12-789 (RMB)
                                   :
IBN MUHAMMAD                       : **OPINION**
_____:

    This matter comes before the Court upon Defendant Ibn Muhammad's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant Muhammad is currently serving his sentence at FCI Fairton Prison Camp in Fairton, New Jersey.  The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

    On December 3, 2012, Muhammad pled guilty to a two-count Information, charging him with bank fraud and mail fraud. Muhammad admitted to being the leader of a scheme that victimized more than fifty people, and causing hundreds of thousands of dollars in losses.

    In July 2013, the Honorable Jerome B. Simandle imposed a within Guideline range of 135 months.  In June 2016, the Defendant pled guilty to conspiring to possess a firearm as a felon in violation of 18 U.S.C. § 371.  On January 10, 2017,

1

Judge Simandle sentenced Defendant to a statutory maximum of 60 months imprisonment and ordered the sentence to run consecutively to the 135 month sentence.  Defendant appealed his sentence, which the Third Circuit Court of Appeals affirmed.  Defendant is presently projected to be released from BOP custody on August 20, 2026.  He has served a little over half of his sentence.

In support of his Motion, Defendant admits that "he has no medical issues, and is at lower risk of "contracting" COVID-19." Docket No. 68, at 21.  (He also argues that his sentence was an unfair one, a position that was rejected as "frivolous" by the Third Circuit, see United States v. Muhammad, No. 13-3271, slip. op. at 8-9 (3rd Cir. Sept. 24, 2014).

The Government has introduced evidence of the measures that the Bureau of Prisons has taken to prevent the spread of the coronavirus.  It is set forth at length in the Government's Response.  See Govt. Opp., Dkt. No. 70, at 4.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary

2

and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added). As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020). This is a statutory

3

requirement that this Court may not waive.  See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

The parties argue that Defendant has exhausted his administrative remedies.  United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Defendant bears the burden to establish that he is eligible for a sentence reduction.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a)

4

factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

(I)  suffering from a serious physical or medical condition,

---

[1] The policy statement refers only to motions filed by the BOP Director.  That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012).  In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

>   (II)  suffering from a serious functional or cognitive impairment, or
>
>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. Id. § 1B1.13, cmt. n.1(B)-(C).  The note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." Id. § 1B1.13, cmt. n.1(D).

Here, Defendant does not have any present medical issues, but a generalized fear of contracting COVID-19.  Moreover, Defendant has not established an "extraordinary and compelling reason" to reduce his sentence, the Court finds that he has failed to demonstrate that he merits release under the § 3553(a) factors.  Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors. First, a reduction would fail to "reflect the

seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a). Defendant engaged in serious crimes, one that left a trail of victims, many who suffered devastating financial and emotional losses. Moreover, his conviction for a firearm possession spanned the time period when he was on pretrial release for his first federal conviction.

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction. As discussed, the Defendant is no stranger to the criminal justice system. Defendant is a little over halfway through his sentence. His life of crime has resulted in multiple felony convictions including for robbery, aggravated assault, and distribution of narcotics. The need to protect the public is paramount here.

Finally, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence. He has served a little over one-half of his sentence. This would be a drastic variance from a sentence that the Court found appropriate.

The Court does not take lightly Defendant's fear of contracting COVID-19. It is a fear that permeates all of society, both inside and outside of a prison. Here, the BOP is

taking measures to contain the spread of COVID-19,[2] and Defendant has not persuaded this Court that there is an extraordinary and compelling reason to reduce his sentence or that he merits release under the §3553(a) factors.

    The Motion is therefore DENIED.

s/Renée Marie Bumb_____
RENÉE MARIE BUMB
United States District Judge

Dated: November 5, 2020

---

[2] At present, there is one confirmed case of COVID-19 among inmates and five confirmed cases of COVID-19 among staff at FCI Fairton.  See www.bop.gov/coronavirus (last visited November 5, 2020).